**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4946**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

RAYMOND JOHNSON, JR.,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:10-cr-00091-TLW-1)

───────────

Submitted:  May 26, 2011          Decided:  May 31, 2011

───────────

Before KING, SHEDD and DIAZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  William E. Day, II, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Johnson, Jr., pled guilty to embezzling, stealing, purloining, or converting Social Security benefits, in violation of 18 U.S.C. § 641 (2006). His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Johnson's plea and whether the court adequately explained the chosen sentence. Johnson was advised of his right to file a pro se supplemental brief but did not. Finding no reversible error, we affirm.

Prior to accepting a plea, a trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court conducted a thorough hearing and substantially complied with Rule 11. Although the court neglected to inform Johnson of his right to remain silent, Johnson read and discussed with counsel the plea agreement, which informed him of this right. Under the circumstances, this omission did not impair any substantial right of Johnson's. We

2

therefore conclude that the record demonstrates Johnson knowingly and voluntarily pled guilty.

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, the court must assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). The court also must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). After reviewing the record, we conclude that Johnson's sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Johnson, in writing, of the right

3

to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED